107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
RED BALL INTERIOR DEMOLITION CORP. and John Palmadessa,
Plaintiffs-Appellants,
v.
Daniel PALMADESSA, Donald Palmadessa, William Palmadessa,
Supreme Recycling, Inc., and Fortune Interior
Dismantling Corp., Defendants-Appellees.
 No. 96-7896.
 United States Court of Appeals, Second Circuit.
 Feb. 3, 1997.
 
 1
 Appearing for Appellants: William Dunnegan, N.Y., N.Y.
 
 
 2
 Appearing for Appellee Daniel Palmadessa: S.M. Mac Gutman, Gutman & Gutman, Forest Hills, N.Y.
 
 
 3
 Appearing for Other Appellees: Richard A. Feldman, Feldman Grodeck, P.A., Roseland, N.J.
 
 
 4
 Present: HONORABLE AMALYA L. KEARSE, HONORABLE DENNIS JACOBS, Circuit Judges, HONORABLE JOHN GLEESON, District Judge*.
 
 SUMMARY ORDER
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 6
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the June 25, 1996 order of said District Court be and it hereby is affirmed.
 
 
 7
 Plaintiffs Red Ball Interior Demolition Corporation ("Red Ball") and John Palmadessa, who jointly have been represented in this litigation by William Dunnegan, Esq., appeal from an order of the United States District Court for the Southern District of New York, Robert W. Sweet, Judge, denying their motion to compel defendants Daniel Palmadessa et al. to deliver a settlement check payable to Dunnegan as attorney only for John Palmadessa rather than as attorney for both John Palmadessa and Red Ball, and to accept a narrower form of release than that proposed by defendants. On appeal, plaintiffs contend that, in denying their motion, the district court has permitted defendants to deviate from the parties' settlement agreement. For the reasons that follow, we disagree and affirm the order of the district court.
 
 
 8
 After the parties informed the district court, during their trial before a jury, that they had reached agreement to settle this action and another pending action, the court instructed them to state their agreement on the record and indicated that the court would enforce the agreement. In describing the settlement agreement, counsel for the various parties, without objection from other counsel, stated in pertinent part that "the settlement amount is that Daniel Palmadessa will pay to John Palmadessa the sum of $1 million less [certain stated] amount[s]"; that Daniel Palmadessa within 10 days would deliver a certified bank check to be held in escrow trust fund; that "[t]he check will be delivered to Mr. Dunnegan. It will be made out to Mr. Dunnegan as attorney"; that "the trust fund ... is going to be established in John Palmadessa's name"; that "the interest on the fund will accrue to the benefit of Red Ball and John Palmadessa"; that "none of these provisions regarding access of the fund affect the ability of John Palmadessa to withdraw the interest each month as it is earned"; and that "[t]he trust fund will be accessed only for Red Ball Interior Demolition liabilities where Daniel Palmadessa has possible joint or coexistent personal liability ..." With respect to the agreement to exchange releases, counsel stated, inter alia, that "[t]his settlement settles, discontinues with prejudice and releases all claims and counterclaims, which are or may be asserted in these actions"; and that "[t]he parties will exchange general releases, and those parties being all the parties to the case, as well as the respective corporations, and their successors and heirs and assigns. Those general releasees will accept [sic ] out the terms of the settlement that we have now placed on the record ..." All parties agreed to these terms.
 
 
 9
 Given the parties' stated agreement that the interest earned on the fund to be established by Dunnegan with the check delivered by Daniel Palmadessa was to "accrue to the benefit of Red Ball and John Palmadessa," and that the "fund will be accessed" for certain stated "Red Ball Interior Demolition liabilities," we see no error in the district court's ruling that defendants did not breach the agreement by delivering a check payable to Dunnegan as attorney for both John Palmadessa and Red Ball.
 
 
 10
 Given the parties' description of the releases to be exchanged as "general releases" by the parties "as well as the respective corporations," with respect to "all claims and counterclaims [ ] which are or may be asserted in these actions," we likewise see no error in the court's ruling that plaintiffs are to give defendants releases covering "anything which has happened up to now," whether known or unknown, and whether or not the subject of claims that w ere actually asserted in the litigations.
 
 
 11
 We have considered all of plaintiffs' contentions on this appeal and have found in them no basis for reversal. The order of the district court is affirmed.
 
 
 
 *
 Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation